UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| JOHN B. ODOMS,<br><br>        Petitioner,<br> v.<br>ISIDRO BACA, et al.,<br><br>        Respondents. | Case No. 3:14-cv-00225-MMD-WGC<br><br>ORDER |

This closed action is a *pro se* petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 by a Nevada state prisoner. On October 23, 2014, the Court dismissed this action as a successive petition pursuant to 28 U.S.C. § 2244(b). (Dkt. no. 4). Judgment was entered on October 23, 2014. (Dkt. no. 5). On November 4, 2015, petitioner filed a motion for relief from final judgment pursuant to Rule 60(b) of the Federal Rules of Civil Procedure. (Dkt. no. 6).

Under Fed. R. Civ. P. 60(b) the court may relieve a party from a final judgment or order for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

A motion under Rule 60(b) must be made within a "reasonable time." Fed. R. Civ. P. 60(c)(1). Relief based on mistake, newly discovered evidence, or fraud must be sought within one year of final judgment. Fed. R. Civ. P. 60(c)(1).

Motions to reconsider are generally left to the discretion of the district court. *Herbst v. Cook,* 260 F.3d 1039, 1044 (9th Cir. 2001). A district court has discretion not to consider claims and issues that were not raised until a motion for reconsideration. *Hopkins v. Andaya*, 958 F.2d 881, 889 (9th Cir. 1992). It is not an abuse of discretion to refuse to consider new arguments in a Rule 60(b) motion even though "dire consequences" might result. *Schanen v. United States Dept. of Justice*, 762 F.2d 805, 807-08 (9th Cir. 1985). Moreover, motions for reconsideration are not justified on the basis of new evidence which could have been discovered prior to the court's ruling. *Hagerman v. Yukon Energy Corp.*, 839 F.3d 407, 413-14 (8th Cir. 1988); *see also E.E.O.C. v. Foothills Title*, 956 F.2d 277 (10th Cir. 1992). Mere disagreement with an order is an insufficient basis for reconsideration. A motion for reconsideration should not be used to make new arguments or ask the Court to rethink its analysis. *See N.W. Acceptance Corp. v. Lynnwood Equip., Inc.*, 841 F.2d 918, 925-26 (9th Cir. 1988).

The plain language of Rule 60(b)(6), the Rule's "catch-all provision," provides for relief from a final order for "any justifiable reason." However, courts have added a requirement that a party seeking Rule 60(b)(6) relief must demonstrate the existence of "extraordinary circumstances." *Gonzales v. Crosby*, 545 U.S. 524, 535-36 (2005); *Lal v. California*, 610 F.3d 518, 524 (9th Cir. 2010); *Harvest v. Castro*, 531 F.3d 737, 749 (9th Cir. 2008) (petitioner must demonstrate both an injury and circumstances beyond his control prevent him from proceeding with his claim). Extraordinary circumstances typically exist when "an extreme and unexpected hardship" would result if the relief sought is not granted. *Budget Blinds, Inc. v. White*, 536 F.3d 244, 255 (3rd Cir. 2008). Additionally, courts ordinarily will only grant relief if the moving party is not at fault and did not cause the extraordinary circumstances to come into being. *Id.*; *Gonzalez*, 545

///

U.S. at 535-36. Rule 60(b)(6) is to be used "sparingly as an equitable remedy to prevent manifest injustice." *Lal*, 610 F.3d at 524.

In petitioner's motion for relief from judgment, he argues that his state court judgment of conviction was illegally obtained and should be declared void. Petitioner also asserts a claim of actual innocence, citing *McQuiggin v. Perkins*, 133 S.Ct. 1924 (2013).

A federal habeas petitioner may overcome the expiration of the AEDPA statute of limitations by making a showing of actual innocence, allowing the court to review the petition on the merits. *McQuiggin v. Perkins*, 133 S.Ct. 1924, 1928-35 (2013). When an otherwise time-barred habeas petitioner "presents evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of non-harmless constitutional error," the Court may consider the petition on the merits. *See Schlup v. Delo*, 513 U.S. 298 (1995). Under *Schlup*, a petitioner may overcome a procedural default or expiration of the statute of limitations by (1) producing "new reliable evidence [of innocence] — whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence — that was not presented at trial," *Schlup*, 513 U.S. at 324, and (2) showing "that it is more likely than not that no reasonable juror would have convicted him in light of the new evidence." *Id.* at 327. The *Schlup* standard permits review only in the "extraordinary" case. *Id.* at 324. The Supreme Court has cautioned that "tenable actual-innocence gateway pleas are rare." *McQuiggin v. Perkins*, 133 S.Ct. at 1928. "[A] petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *Id.* (citing *Schlup*, 513 U.S. at 329); *see also House v. Bell*, 547 U.S. 518, 538 (2006) (emphasizing that the *Schlup* standard is demanding and seldom met).

In this case, petitioner's actual innocence claim fails. First, this action was not dismissed because it was filed outside the AEDPA statute of limitations, thus *McQuiggin*

3

*v. Perkins*, 133 S.Ct. 1924, has no application here. Moreover, petitioner has not demonstrated the existence of new reliable evidence of innocence. This action was dismissed as a successive petition. To pursue a successive petition, petitioner is required to seek and obtain leave of the Ninth Circuit Court of Appeal. *See* 28 U.S.C. § 2244(b)(3) *et seq.* Because petitioner failed to present this Court with proof that he has obtained leave to file a successive petition from the Ninth Circuit Court of Appeals, the action was dismissed. Petitioner has not demonstrated the existence of "extraordinary circumstances" to support his Rule 60(b) motion for relief from judgment.

It is therefore ordered that petitioner's rule 60(b) motion for relief from judgment (dkt. no. 6) is denied.

It is further ordered that petitioner shall file no further documents in this closed action.

DATED THIS 14th day of September 2015.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE